THE STATE v. WELDON, *Appellant*.

**Indictment for Petit Larceny, Second Offense:** CRIMINAL PLEADING: "FELONIOUSLY." An indictment for a petit larceny charged to have been committed after discharge from imprisonment under a previous conviction for a similar offense, must, as in any other case of felony, allege that the larceny was feloniously committed.

*Appeal from Daviess Circuit Court.*—Hon. S. A. Richardson, Judge.

Reversed.

*Royal Dudley* and *Geo. P. Rush* for appellant.

The offense charged in the indictment is a felony. 1 Wag. Stat., p. 516, § 33; *State v. Joiner*, 19 Mo. 224; *Johnston v. State*, 7 Mo. 183; *State v. Green*, 66 Mo. 647; and should, therefore, have been alleged to have been committed feloniously. Kelley's Crim. Law and Prac., p. 97, § 188; *State v. Davis*, 29 Mo. 396; *State v. Murdock*, 9 Mo. 730; *State v. Feaster*, 25 Mo. 324; *State v. Deffenbacher*, 51 Mo. 26; *State v. Green*, 66 Mo. 647; 4 Black. Com. 307

*J. L. Smith*, Attorney-General, for the State.

The act charged in the indictment is not *per se* punishable by imprisonment in the penitentiary. That punishment is only inflicted by reason of the prior conviction. To incur the penalty here prescribed it is not required that the act should be committed with any other or different intent than if it were the first offense. A stealing, taking and carrying away of property, described by the twenty-seventh section is petit larceny. It will not be insisted that such stealing must be done with a felonious intent, or that it must be charged to have been done feloniously. The crime is not raised to a higher grade by reason of its being a second offense. The defendant is only charged with, and convicted of petit larceny, but for reasons which are obvious, a heavier punishment is provided for the second offense, not because the crime is of any different grade but because of the former conviction. It is always the same crime; why should it be required to be charged in a different form, and why should an additional element be added? *State v. Felch*, 7 Cent. Law Jour. 441 (New Hamp-

shire, 1878); *State v. Williams*, 23 N. H. 321, *Capps v. State*, 4 Iowa 502; *State v. Vt. Cent. R. R.*, 27 Vt. 103; *Miller v People*, 3 Ills. 233; *Riddle v. State*, 3 Heisk. 401; *Jones v. State*, 3 Heisk. 445.

The reason for the use of the word "feloniously" at common law was that the court might see, from the face of the indictment, what grade of crime was charged, to the end that the trial might be conducted, and the defendant accorded those rights provided for that grade; and that upon conviction, the court could determine what punishment to impose. But no such reason can exist under our statute. The facts alleged in an indictment show the grade of the crime. *Cessante ratione legis cessat ipsa lex.*

The indictment is certainly sufficient after verdict. Wag. Stat., p. 1090, § 27.

Hough, J.—The indictment in this case charged the defendant with having committed petit larceny after having been duly discharged from imprisonment under a previous conviction for a similar offense. The statute provides that if any person convicted of any offense punishable by imprisonment in the penitentiary, or of petit larceny, or of any attempt to commit an offense which if perpetrated would be punishable by imprisonment in the penitentiary, shall be discharged, either upon pardon or compliance with the sentence, and shall subsequently be convicted of petit larceny, committed after such pardon or discharge, he shall be punished by imprisonment in the penitentiary not exceeding five years. Any offense punishable by imprisonment in the penitentiary is by our statute declared to be a felony. Wag. Stat., p. 516, § 33; *State v. Green*, 66 Mo. 647. Petit larceny committed under the circumstances charged in this indictment is, therefore, a felony. So also is petit larceny a felony when committed in a dwelling house, or in any boat or vessel, or by stealing from the person in the night time. Wag. Stat., p. 457, § 28. It is not the designation of any offense which, with us, consti-

tutes it a felony, or a misdemeanor, but the punishment which is affixed to such offense. While it is a seeming contradiction in terms to denominate petit larceny as a felony, yet this apparent incongruity will be found to result rather from an association of ideas, than from any inherent inconsistency. It has been repeatedly decided by this court that all felonies must be alleged to have been feloniously committed, otherwise the indictment will be bad. *State v. Deffenbacher*, 51 Mo. 26. The indictment in this case fails to charge that the larceny was feloniously committed, and the judgment of the circuit court must, therefore, be reversed and the cause remanded. The other judges concur.