### STATE *vs.* LIVING L. HILL.

### Cumberland.    Opinion May 24, 1881.

*Indictment.    Obtaining credit by false pretences.    Evidence.    Constructive notice.*

At the trial upon an indictment for obtaining a horse, by purchase on credit, for which a note was given, by falsely pretending to be the owner of valuable unencumbered real estate, evidence to show that the note had not been paid is admissible.

When one obtains credit by falsely pretending that he is the owner of property which he does not own, the fraud consists not in misrepresenting his intentions to pay, but in misrepresenting his ability to pay.    His intentions are not important.

The doctrine of constructive notice of an existing mortgage because of its record, does not apply to indictments for obtaining credit by falsely pretending to be the owner of valuable real estate upon which there is no existing mortgages.    It is no defence in such case that the party deceived relied upon the statements made, without examining the public records.

ON EXCEPTIONS from superior court, Cumberland.

(Indictment.)

"State of Maine. Cumberland, ss.    At the superior court, begun and holden at Portland, within and for the county of Cumberland, on the first Tuesday of May, in the year of our Lord one thousand eight hundred and eighty :

"The grand jurors for said State, upon their oath, present, that Living L. Hill of Saco, in the county of York, on the twenty-eighth day of August, in the year of our Lord one thousand eight hundred and seventy-nine, at Portland, in the county of Cumberland, unlawfully, knowingly and designedly did falsely pretend to one John L. Best, that he, the said Living L. Hill,

was then and there the owner of certain real estate situated in said Saco, being the same premises upon which he, the said Living L. Hill, then lived; that the said real estate was then, on said twenty-eighth day of August aforesaid, free and clear of all encumbrances and the same was not mortgaged to any person; and that no person then had the scratch of a pen against the said real estate.

"The said real estate being described as follows : A certain lot of land containing ten acres and being the same premises which were conveyed to the said Living L. Hill by one Charles F. Hill by deed dated August 1, A. D. 1877; also another lot of land being the same which was conveyed to said Living L. Hill by one Stephen A. Haines by deed dated March 23, A. D. 1878, with intent thereby, then and there on said twenty-eighth day of August, A. D. 1879, at Portland aforesaid, to induce the said John L. Best to sell and deliver to him the said Living L. Hill certain goods, chattels and property of him the said John L. Best, to wit : One horse, and to take in part payment therefor his the said Living L. Hill's promissory note for the sum of one hundred seventeen dollars and seventy-five cents, dated on said twenty-eighth day of August, A. D. 1879 and payable to the order of said John L. Best, in three months from the date thereof, at National Traders Bank, Portland, and with intent thereby then and there on the said twenty-eighth day of August, A. D. 1879, at Portland, aforesaid, in the county aforesaid, to cheat and defraud the said John L. Best of his said horse, and by means of said false pretences the said Living L. Hill did then and there induce the said John L. Best to sell and deliver to him the said Living L. Hill, the said horse, and to take in part payment therefor, his the said Living L. Hill's promissory note for the said sum of one hundred seventeen dollars and seventy-five cents, dated on said twenty-eighth day of August, A. D. 1879, and payable to the order of said John L. Best in three months from the date thereof, at National Traders Bank, Portland, and by means of said false pretences the said Living L. Hill did then and there on said twenty-eighth day of August, A. D. 1879, at Portland, aforesaid, in the county aforesaid, designedly obtain

from the said John L. Best the said horse of the value of one hundred and twenty-five dollars, of the goods, chattels and property of the said John L. Best, with intent then and there to cheat and defraud the said John L. Best of the same, and did then and there cheat and defraud the said John L. Best of the said horse. Whereas in truth and in fact the said Living L. Hill was not then and there the owner of the said real estate, and the said real estate was not then free and clear of all encumbrances, and the said real estate was then mortgaged to a large amount to wit: the sum of fifteen hundred dollars. All which the said Living L. Hill then and there well knew. To the great damage and deception of the said John L. Best and against the peace of said State, and contrary to the form of the statute in such case made and provided.

    A true bill,                  JAMES N. READ, Foreman.
        ARDON W. COOMBS,
           Attorney for the State for said county."

                 (Motion in arrest.)

"Cumberland, ss.    Superior court, May term, 1880. *State* v. *Living L. Hill:*

"And now said Living L. Hill comes into court after verdict of 'Guilty,' and before judgment and sentence, and moves the court in arrest of judgment and sentence because he says that no offence is set out in said indictment which he could be legally tried upon.

"Because said indictment does not state that said Hill did not pay his said note at the maturity thereof, nor set forth any false statement as to said note given for said horse, nor that said note was not fully what it purported to be, and of the value therein set forth.

"Because said verdict was against law and against evidence and the weight of evidence in said case.

                           LIVING L. HILL,
           By his Att'ys, S. W. LUQUES,
                    A. F. MOULTON."

"Motion overruled.   PERCIVAL BONNEY, Justice Superior Court."

*H. B. Cleaves,* attorney general, and *Ardon W. Coombs,* county attorney, for the State, cited : *Com.* v. *Coe,* 115 Mass. 481 ; *Com.* v. *Morrill,* 8 Cush. 571 ; *State* v. *Dorr,* 33 Maine, 498 : *Pope* v. *Sully,* 1 Buff. (N. Y.) 17 ; *State* v. *Munday,* 78 N. C. 460 ; *McCord* v. *The People,* 46 N. Y. 470 ; *State* v. *Stanley,* 64 Maine, 157 ; *Com.* v. *Tenney,* 97 Mass. 50 ; *Com.* v. *Mason,* 105 Mass. 163 ; *State* v. *Kingsbury,* 58 Maine, 238 ; *State* v. *Pike,* 65 Maine, 111 ; *State* v. *Watson,* 63 Maine, 128 ; *State* v. *Mills,* 17 Maine, 211 ; 11 Allen, 266 ; 19 Pick. 179 ; 126 Mass. 208 ; *Com.* v. *Strain,* 10 Met. 521 ; *State* v. *Smith,* 54 Maine, 33 ; *State* v. *Gilman,* 70 Maine, 329.

*A. F. Moulton* and *S. W. Luques,* for the respondent.

The indictment does not set out and we fail to comprehend how the false statement of Hill, as to the condition of the title to his farm, tended to the injury of Best, or how the fact that the farm was incumbered tended to defraud him of his horse.

He sold Hill the horse and took his note and the indictment is silent as to whether the note had been paid.

The indictment does not allege that Best believed the representations and was deceived.

"This statute offense is undoubtedly a very great extension of the criminal court and a party may well insist at least upon all the usual and customary requisites to a valid indictment. It must set out all the material facts and circumstances which the prosecutor is bound to prove. *Com.* v. *Strain,* 10 Met. 522 ; see *People* v. *Tomkins,* 1 Park, 224 ; *People* v. *Miller,* 2 Park, 197 ; 4, Bishop Criminal Law, § 462 ; *People* v. *Herrick,* 13 Wend. 87 ; *People* v. *Stetson,* 4 Barb. 151.

The requested instructions should have been given.

A party is bound to exercise ordinary prudence. That in this case required Best to examine the record. *People* v. *Williams,* 4 Hill, 9 ; *People* v. *Stetson,* 4 Barb. 151 ; *People* v. *Sully,* 5 Park. 142 ; *Thomas* v. *People,* 34 N. Y. 351 ; *Com.* v. *Hulbert,* 12 Met. 446 ; *Regina* v. *Mills,* 40 Eng. L. & Eq. 562 ; *Com.* v. *Norton,* 11 Allen, 267.

If Hill intended to pay his note at the time he gave it, and he gave it in payment of the horse, how can it be said that he intended to defraud Best of his horse? We insist that his intention at the time in regard to paying the note should have been submitted to the jury. .

WALTON, J. The defendant has been indicted, tried, and convicted of fraudulently obtaining possession of a horse, by a purchase on credit, by falsely pretending that he was the owner of valuable and unencumbered real estate. He claims a new trial :

*First,* for the alleged illegal admission of evidence. The exceptions state that at the trial one John L. Best testified in relation to the note given for the horse, and was asked by the government whether the note had been paid, and was allowed to answer that it had not, notwithstanding the answer was objected to by the defendant. We think the answer was admissible. It tended to prove that the defendant was insolvent, and made it more probable that his statement, if false, was fraudulently so. If one who is insolvent falsely pretends that he is the owner of property, which in fact he does not own, and thereby obtains credit, the fact that he was insolvent very much strengthens the probability that his statement was not only false but fraudulently so, and made for the very purpose of procuring a credit which he knew he could not otherwise obtain. We think the answer was admissible.

*Second,* for misdirection. It appears from the charge of the presiding judge, which is made a part of the exceptions, that the defendant's counsel contended that if the defendant intended to pay the note at its maturity, then no such intent as is provided by the statute existed in his mind, and that he was entitled to an acquittal. The presiding judge stated to the jury that he did not so understand the law ; that, as a matter of law, it would make no difference whether at the time he gave the note he intended to pay it at maturity or not. We think the ruling was correct. When one obtains credit by falsely pretending that he is the owner of property which he does not own, the fraud consists, not in his misrepresenting his intention to pay, but in misrepresenting his

ability to pay. His intentions are not important. It is his ability on which the creditor relies. The gist of the offense con-sists in the deception practiced upon his creditor with respect to his means of paying, not with respect to his intentions. We think the ruling was correct.

*Third,* for refusals to instruct. The exceptions state that the defendant's counsel requested the presiding judge to instruct the jury "that if the mortgages were recorded it was notice to Mr. Best and negatived the charge that he was deceived by any repre-sentations, if made, that the real estate was free from incum-brances." The request was properly refused. The doctrine of constructive notice does not apply to such cases. The parties were in Portland. The land was in Saco. The records were in Alfred, many miles from Portland. Under these circumstances Mr. Best had a right to rely upon the defendant's statement; and if the statement was wilfully false, and Mr. Best was in fact deceived by it, the falsehood was not deprived of its criminality because Mr. Best, by going to Alfred, and searching the public records, could have ascertained the truth. The doctrine of con-structive notice does not apply to such cases, and the request was properly refused. 126 Mass. 208.

*Fourth.* The presiding judge was also requested to instruct the jury "that if they should find that Mr. Best was at the time indebted to the defendant for a larger sum than the value of the horse, it was not cheating by false pretenses." It is not necessary to determine whether a creditor may without criminality resort to falsehood to collect his debt, for there is no evidence in this case that the defendant's statements were made for any such pur-pose. True, Best had been indebted to the defendant, but the defendant had made a note for the amount, Mr. Best had indorsed it, and the defendant had obtained the money upon it, and Best had agreed to pay the note when it should become due; and the defendant does not pretend that the purchase of the horse had any connection whatever with this former indebtedness. On the contrary, the defendant gave his note for the horse, and it was with reference to his ability to pay the note when it should become due that the representations respecting his property were made. The request was properly refused.

*Fifth.* The defendant moved in arrest of judgment for alleged ·defects in the indictment. We have carefully examined the points made by the defendant's counsel, and we think it is sufficient to say that in our judgment none of them are sustained. The indictment contains every allegation material to the offense charged, and is in form according to well approved precedents. We think the motion was properly overruled.

                                        *Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.