## THE STATE, *Appellant*, v. FEAZELL.

### Division Two, January 21, 1896.

1. **Pleading, Criminal**: FELONY: INDICTMENT. An indictment for a felony must allege that the offense was feloniously committed; otherwise, it will be bad.

2. ———: ———: ———: OBTAINING MONEY BY FALSE PRETENSES. An indictment charging a defendant with obtaining money by false pretenses which alleges that he, intending, etc., to cheat and defraud one K. of his money, did then and there feloniously, etc., pretend, etc., that he was solvent and the owner of certain described property, whereas in truth, etc., he was not solvent and not the owner of said property which he falsely, etc., and feloniously represented and pretended to own, and by means of said false and fraudulent representations, unlawfully, etc., and feloniously did receive from K. the said sum of money, etc., sufficiently charges that the offense was feloniously committed.

3. ———: FALSE PRETENSES: MONEY: DESCRIPTION. A description of money in an indictment for obtaining money by false pretenses, as "$45 in money, of the value of $45," is sufficient under the provisions of Revised Statutes, 1889, section 4111, that it shall be sufficient for an indictment making an averment as to money made or issued by a bank incorporated by law, or made or issued by virtue of any law of the United States, to describe it simply as money, without specifying any particular coin or note.

State v. Feazell.

*Appeal from Jasper Circuit Court.*—Hon. E. C. Crow, Judge.

Reversed and remanded.

*R. F. Walker*, attorney general, for the state.

The indictment follows the language of the statute. R. S. 1889, sec. 3564. It negatives the pretense. *State v. Peacock*, 31 Mo. 413. And alleges that the party from whom defendant obtained the money parted with same by reason of the false pretenses. *State v. Bonnell*, 46 Mo. 395. An indictment for obtaining goods by false pretenses, which alleges several matters, one of which in contemplation of law may not be a false pretense, because it relates to something done in the future, is not thereby vitiated if others are such false pretenses as are contemplated by statute. *State v. Vorback*, 66 Mo. 168. An indictment for obtaining money by false pretenses which sets out such pretenses negatives their truth and alleges that the defendant "then and there well knew," is not obnoxious to the objection that the *scienter* was not sufficiently averred. *State v. Janson*, 80 Mo. 97. All the necessary averments to constitute a valid indictment are to be found in the one under consideration. It lays the venue properly, distinctly alleges the false pretense, negatives its time, avers that the owner parted with his money by reason of the false pretense and because he believed the same. These averments are held by this court to be sufficient. *State v. Alexander*, 119 Mo. 448; *State v. Flanders*, 118 Mo. 227; *State v. Lichtliter*, 95 Mo. 402.

Burgess, J.—The defendant was indicted in the circuit court of Jasper county under section 3564, Revised Statutes, 1889, for obtaining money under false pretenses. A motion to quash the indictment was sustained by the trial court, and the only question

to be considered here is the sufficiency of the indictment, which, omitting the formal parts, is as follows:

"One Robert Feazell, intending, designing, and contriving to cheat and defraud one Arch King of his money, goods, wares, and merchandise, and with the view and intent to effect the loan hereinafter mentioned, did then and there designedly, feloniously, falsely, and fraudulently pretend and represent to the said Arch King that he, the said Robert Feazell, was then and there in good solvent circumstances, and then and there the sole and absolute owner, free of all incumbrances, of the following described property, goods, and chattels, to wit: One 50-horse power boiler, one 30-horse power engine, one crusher and rolls, one 10-inch lift pump, and one friction hoister, and that said machinery was then and there all located on lot 14 on the Lewelling lease in West Hollow in Jasper county, state of Missouri, and that a certain written instrument which he, the said Robert Feazell, by the name and style of R. Feazell, then made, executed, and delivered to the said Arch King, for the pretended purpose of securing the repayment of the said loan, was then and there a genuine and valid written instrument of security, and was then and there a good, genuine, and valid bill of sale and conveyance of the property, goods, and chattels hereinbefore mentioned and described, which said written instrument was in words and figures and of the tenor as follows, to wit:

" 'WM. GUENGERICH.      ROBERT GUENGERICH.

" 'W. GUENGERICH & BRO.

" ' Dealers in General Hardware, Stoves, Tinware, Miners' Supplies, etc.

" 'No. 415 Main Street.

" 'JOPLIN, MO., May 10, 1895.

" ' This is to certify that I have this day bargained and sold to Arch King all my right, title, and interest

in the following described property, to wit:   One fifty-horse power boiler, one thirty-horse power engine, one crusher and rolls, one ten-inch lift pump, one belt friction hoister, for value received, if the said R. Feazell pays back to Arch King the sum of $47 (forty-seven dollars) on or before the 20th day of May, then this shall be null and void.   If not paid by the time mentioned, then this shall remain in full force and effect.   Said machinery is located on lot 14, on the Lewelling lease, in West Hollow.

" 'R. FEAZELL.'

"And the said Arch King, then and there believing the said false and fraudulent pretenses and representations so made as aforesaid to be true, and believing that the said written instrument was then and there a genuine and valid instrument of security; and that said written instrument was then and there a good, genuine, and valid bill of sale, and conveyance of the property hereinbefore mentioned and described, was thereby and was by means of the execution and delivery of said written instrument as aforesaid; and by means of the false and fraudulent pretenses and representations so made as aforesaid, induced to and deliver to the said Robert Feazell, and did then and there loan and deliver to the said Robert Feazell, to be repaid to him, the said Arch King, on or before the twentieth day of May, 1895, the sum of $45 in money, of the value of $45, of the moneys, goods, chattels, and effects of the said Arch King, and the said Robert Feazell did then and there obtain the said money, goods, chattels, and effects of the said Arch King as such loan, by means of the false and fraudulent representations and pretenses so made as aforesaid, and by means of the execution and delivery as aforesaid to him, the said Arch King, of the said written instrument and with intent to cheat and

defraud the said Arch King of the said $45 in money, whereas in truth and fact the said Robert Feazell was not then and there in good solvent circumstances, and was not then and there the owner of the said property, goods, and chattels so falsely, fraudulently, designedly, and feloniously represented and pretended to be owned by him as aforesaid; and. the said written instrument so made, executed, and delivered as aforesaid, was not then and there a genuine and valid written security, and was not then and there a good, genuine, and valid bill of sale and conveyance of property, goods, and chattels first hereinbefore mentioned and described and whereas in truth and in fact no such property, goods, and chattels as first hereinbefore mentioned and described, were then and there located on the Lewelling lease in the said West Hollow, all of which he, the said Robert Feazell, then and there well knew, and of which said false and fraudulent representations and pretenses so made as aforesaid, he, the said Robert Feazell, then and there well knew to be false and fraudulent.

"And the grand jurors aforesaid, upon their oath aforesaid, do say that the said Robert Feazell, by means of the false and fraudulent pretenses aforesaid, on or about the said tenth day of May, 1895, aforesaid, unlawfully, knowingly, designedly, and feloniously did receive and obtain from the said Arch King the said sum of money of the property, goods, and chattels of the said Arch King, with intent to defraud him of the same, against the peace and dignity of the state."

The grounds assigned in the motion to quash are as follows:

"1.   Because said indictment does not charge the defendant with any offense, nor does it set forth any facts sufficient to constitute a crime.

"2.   Because the acts charged to have been done and representations charged to have been made, by the

defendant, are not charged to have been made with a felonious intent.

"3.   Because the indictment is vague and uncertain, and does not inform the defendant of the nature of the accusation against him.

"4.   Because from the face of the indictment it is impossible for the defendant to know what he is charged with obtaining from the prosecuting witness.

"5.   Because there is no proper description of the money as property, defendant is charged with obtaining by means of false and fraudulent representations or pretenses."

I.   The first ground of objection is general in its application and does not point out or suggest any specific infirmity which is supposed to exist in the indictment; and as specific defects are suggested in the following grounds of objection it is to be presumed that they embrace all defects to be urged against it.

The second ground is that the acts charged to have been done and representations charged to have been made are not charged to have been done, or made with a felonious intent.   Under our statute the offense with which defendant is charged is a felony, and in this state an offense which is made a felony by statute, must be charged in the indictment to have been committed feloniously.   *State v. Deffenbacher*, 51 Mo. 26; *State v. Murdock*, 9 Mo. 739; *State v. Weldon*, 70 Mo. 572.   If, then, the offense is not alleged to have been done feloniously, the indictment is fatally defective.

But an examination will show that it is not subject to this objection.   It does allege that defendant Robert Feazell, intending, designing, and contriving to cheat and defraud one Arch King of his money, etc., did then and there feloniously, falsely, and fraudulently pretend and represent that he was solvent and the owner of certain described property,   *   *   *

whereas in truth and in fact the said Robert Feazell was not in good and solvent circumstances and was not then and there the owner of said property, goods, and chattels which he so falsely, fraudulently, designedly, and feloniously represented and pretended to own, * * * and by means of said false and fraudulent representations, unlawfully, knowingly, designedly, and feloniously did receive from Arch King the said sum of money, etc. It will thus be seen that it is averred that the acts were done, and the representations made feloniously.

The indictment is almost in the exact form laid down by Kelly in his work on Criminal Law and Practice, sec. 692, page 475. See, also, *State v. Alexander*, 119 Mo. 447.

II. The third and fourth grounds of objection will be considered together as they go to the indefiniteness of the indictment in that it is claimed that it does not inform the defendant of the charges against him, and what property he is charged with obtaining from the prosecuting witness Arch King. We are unable to see the force of this objection. It in very plain terms sets forth the entire transaction, and charges defendant in language not to be misunderstood with obtaining from King by means of false and fraudulent representations the sum of $45. It needs but a casual reading of it to show that this position is without merit.

III. The fifth ground of objection is that the indictment does not give a proper description of the money, which defendant is charged with having obtained from the prosecuting witness King by false pretenses. It describes the money as "$45 in money, of the value of $45." By section 4111, Revised Statutes, 1889, it is provided that, "In every indictment in which it shall be necessary to make an averment as

to any money or any note, being or purporting to be made or issued by any bank incorporated by law, or made or issued by virtue of any law of the United States, it shall be sufficient to describe such money or note simply as money, without specifying any particular coin or note," etc.   The description given is a compliance with the statute and must be held to be sufficient. *State v. Burnett*, 81 Mo. 119; *State v. Rush*, 95 Mo. 199.

We have not been favored with a brief on the part of defendant, who is not represented in this court, but after a careful examination of the indictment we are convinced that it is free from any substantial objection, and that the court erred in quashing it. The judgment is reversed and the cause remanded.  GANTT, P. J., and SHERWOOD, J., concur.