## MILLER v. THE PEOPLE.

1. CRIMINAL LAW—FALSE PRETENSES.

A false pretense, within the meaning of the statute, need not be such a device as will deceive a man of ordinary prudence. Any pretense which deceives the person defrauded is sufficient.

2. SAME.

Where the false pretense was by pretending to be the owner of unimcumbered real estate, it is no defense that its falsity might have been ascertained by an examination of the public records.

3. SAME—CONSPIRACY.

To constitute the crime of conspiracy the act agreed to be done must be unlawful.

4. PRACTICE IN CRIMINAL CASES.

During the trial of a criminal case, the court withdrew one count of the indictment from the consideration of the jury, but at the conclusion resubmitted it to their consideration. *Held*, reversible error.

*Error to the District Court of Arapahoe County.*

THE plaintiff in error was jointly indicted with George E. Crater, Jr., in the district court of Arapahoe county. The indictment contained three counts, the first charging them with conspiracy to defraud Jabez F. Clark by means of false pretenses; the second with conspiring to defraud Clark by means of false pretenses, and setting forth the means employed; and, third, that of obtaining the money of Clark by means of false pretenses. When the case was called for trial Crater failed to appear and the trial proceeded against plaintiff in error, and resulted in conviction upon the conspiracy counts; also for the completed offense charged in the third count.

Upon the conclusion of the people's testimony, counsel for plaintiff in error asked the court to instruct the jury to render a verdict of not guilty, which being denied, he moved the court to compel the prosecution to elect upon which count it relied for conviction. In ruling upon this motion the court said:

"I think I will cover that matter in the instructions, as between the counts. My present view of the matter is that the third count should not be submitted to the jury."

In his instructions to the jury the court defined the offense of conspiracy as follows:

"The jury are instructed that a conspiracy is an unlawful combination or agreement between two or more persons to do an act unlawful in itself by any means whatever, or to do a lawful act by unlawful means;" and expressly withdrew the third count from the consideration of the jury. Thereupon the cause was argued and submitted. At the close of the argument, and before the jury retired, the court withdrew its last instruction and directed the jury to consider the last count. The jury returned the following verdict: "We, the jury, find the defendant, E. J. Miller, guilty as charged in the indictment, of conspiracy to defraud Jabez F. Clark by false pretenses, and that he did defraud the said Jabez F. Clark out of money and property of the value of ($2,500) twenty-five hundred dollars."

Motions for new trial and in arrest of judgment were denied, and plaintiff in error was sentenced to imprisonment in the penitentiary for the term of five years. To this sentence and judgment Miller prosecutes this writ of error.

Messrs. THOMAS, HARTZELL, BRYANT & LEE, for plaintiffs in error.

THE ATTORNEY GENERAL and Mr. F. P. SECOR, Mr. CALVIN E. REED and Mr. GEO. H. THORNE of counsel, for the People.

MR. JUSTICE GODDARD delivered the opinion of the court.

Numerous errors are assigned, but those argued by counsel for plaintiff in error, and particularly relied on for a reversal, may be grouped under three heads: First, the denial of the motion to direct a verdict of not guilty; second, the action of the court in withdrawing the third count

during the trial, thereby preventing counsel from introducing any evidence thereon, and in resubmitting the same to the consideration of the jury after the cause was argued and submitted; third, in giving certain instructions.

The ground upon which the motion for a verdict of acquittal was based is that the transaction disclosed by the evidence did not constitute a conspiracy punishable under our statute, since the act sought to be accomplished would not, if consummated, be unlawful, in this, that the falsity of the representations as to the title to the land proposed to be sold to him, if made as alleged, could have been ascertained by Clark from an examination of the abstract of title furnished him, and with this means of detection at hand, and not being in any manner prevented from making the investigation, that the representations were a "naked lie," and did not constitute false pretense within the meaning of the statute. There are adjudicated cases that sustain this view of the law of false pretense, but we think the better rule and weight of authority is to the effect that the pretense need not be such a device as will impose upon a man of ordinary prudence, and such as cannot be guarded against by ordinary caution or common prudence; but any pretense which deceives the person defrauded is sufficient, although it would not have deceived a person of ordinary prudence. Bishop on Crim. Law, vol. 2, sec. 434; Whart. on Crim. Law, secs. 2128-9; Am. & Eng. Ency. of Law, vol. 7, p. 708, and cases cited.

In *State v. Hill*, 72 Me. 238, it was decided that the doctrine that constructive notice of an existing mortgage, because of its record, does not apply to indictments for obtaining credit by pretending to be the owner of valuable real estate, upon which there is no existing mortgage. It is no defense in such a case that the party deceived relied upon the statement made, without examining the public records. To the same effect is *State v. Munday*, 78 N. C. 460.

We think, therefore, that the motion was properly denied, and the court correctly instructed the jury that "the fact, if it be a fact, that Jabez F. Clark did not examine the title

to the property alleged to have been conveyed to him, is no defense in this case."

But the objection to the instruction wherein the court undertook to define a conspiracy we think is well taken.   A conspiracy is punishable in this state only when the purpose to be accomplished thereby is in itself unlawful.   Our statute defines the offense as follows: "If any two or more persons * * * shall agree, conspire or co-operate to do, or aid in doing any other unlawful act," etc.   As was said in *Connor v. People*, 18 Colo. 373: "To constitute the crime there must be not only an agreement to co-operate to do a certain act, but that act must be unlawful."

The definition given by the court below was therefore clearly incorrect, and was such a misdirection as to the law under which plaintiff in error was being tried upon the first two counts of the indictment as to constitute reversible error.

As to the remaining question in respect to the action of the court in withdrawing the third count during the trial, and in submitting it to the consideration of the jury in the manner disclosed by the record, there was manifest error. The cause was tried upon the theory of conspiracy alone, and the submission of the consummated offense of false pretense to the consideration of the jury, under the circumstances, was unwarranted, and resulted in the conviction of plaintiff in error upon a charge against which he was given no opportunity to defend.   The right to a fair trial is guaranteed to every person accused of crime.   This the plaintiff did not have, and the sentence and judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*