## No. 10,606.

### FOSTER *v.* O'FARRELL, ET AL.

Decided April 7, 1924.

Action for damages for deceit. Judgment for defendants.

### *Reversed.*

1. FRAUD—*Deceit—Conspiracy.* In an action for damages for deceit, although a conspiracy to defraud was alleged, it is held, that it was not a part of the cause of action and that it was not neces-

sary to prove it. The charge of conspiracy, if unsupported by evidence, could be considered as surplusage.

2.      *Deceit—Instructions.* In an action for damages for deceit, an instruction as to the nature of acts and representations for which a recovery could be had, held erroneous under the facts disclosed.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. JOSEPH C. EWING, Mr. WORTH ALLEN, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for deceit. There was a verdict and judgment for defendants. The plaintiff brings the cause here for review.

The complaint alleges, in substance, that in November, 1917, the defendant Seelinger, for the purpose of inducing plaintiff to make a loan to one O'Farrell, falsely represented to plaintiff that O'Farrell was a very wealthy man. There are other allegations wherein Seelinger and O'Farrell are charged with having entered into a conspiracy to defraud plaintiff.

The court instructed the jury that unless it found that the defendants O'Farrell and Seelinger were in a combination and acting with a unity of action for the purpose of defrauding plaintiff, the defendant Seelinger would not be liable. The giving of this instruction is assigned as error.

Although a conspiracy to defraud is alleged, it was not necessary to prove it. Conspiracy is not a part of the cause of action for deceit. 27 C. J. 43, and cases cited. The charge of conspiracy, if unsupported by the evidence, can be considered as surplusage. 12 C. J. 584. It was error to give the instruction.

Another instruction complained of is one to the effect that plaintiff cannot recover unless the acts and representations of defendant "were of a nature calculated to

deceive and impose on a person who, as a loaner of money has exercised ordinary prudence in relying on them." This instruction is incorrect, and constitutes prejudicial error in view of the fact that the complaint alleges, and there is evidence to support the allegation, that the plaintiff is very ignorant about business matters and matters in general, and is unable to read or write more than his own name, of which the defendant Seelinger was well informed. 27 C. J. 81; *Miller v. People,* 22 Colo. 530, 45 Pac. 408; *Sellar v. Clelland,* 2 Colo. 532.

The judgment is reversed, and the cause remanded for new trial.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.