MOORE *v.* STATE OF INDIANA.

[No. 13,743. Filed October 9, 1929. Rehearing denied December 17, 1929. Transfer denied January 29, 1931.]

*Floyd G. Christian, Ralph H. Waltz* and *Worth H. Castor,* for appellant.

*James M. Ogden,* Attorney-General, *V. Ed Funk* and *George W. Hufsmith,* Deputy Attorney-Generals, for the State.

McMAHAN, C. J.—Appellant was tried on an affidavit charging him with obtaining money from Jessie Bailey by fraudulent pretenses. He was convicted, and, on appeal, contends that the court erred in overruling his motion for a new trial, and in overruling his motion to quash the affidavit.

The affidavit was sworn to by Jessie Bailey and charges that C. Eugene Moore, on or about October 1, 1926, at and in the county of Delaware, State of Indiana, did then and there unlawfully, feloniously, fraudulently, purposely, knowingly and falsely, pretend and represent to Jessie Bailey, with the intent and purpose then and there to cheat and defraud said Jessie Bailey, out of a large sum of money, to wit $100; that he, the said C. Eugene Moore, had organized a corporation in the State of California for the manufacture and sale of beauty clay and that said corporation was then and there in existence and engaged in the manufacture of beauty clay; that he, C. Eugene Moore, had the exclusive sales right to all beauty clay so manufactured and to be manufactured by said corporation, and that he was then engaged in the sale of stock in said corporation and in disposing of the sales right to market said clay; that it was necessary for him to have money from time to time until he had disposed of some of the sales rights to sell said clay; and said C. Eugene Moore further falsely and fraudulently pretended and represented to the said Jessie Bailey that, by reason of the fact that he, C. Eugene Moore, had organized said corporation and owned and had the exclusive sales right to all clay manufactured and to be manufactured by said corporation; that if the said

Jessie Bailey would pay money over to him, from time to time, until said sales rights were disposed of, that he, C. Eugene Moore, would transfer and set over to her certain valuable corporation stock which he then and there owned in said corporation and that, by reason thereof, the said Jessie Bailey could not lose any money so invested by her with said C. Eugene Moore. That said Jessie Bailey relied upon and believed the said false and fraudulent representations and said false pretenses as aforesaid, and, having no means of ascertaining the contrary, relied wholly thereon and believed the same to be true, and being then and there *induced* by said false and fraudulent representations, did then and there pay over and deliver to said C. Eugene Moore the sum of $100, said money being then and there the property of the said Jessie Bailey and of the value of $100, good and lawful money of the United States of America, and the said C. Eugene Moore then and there took and received said money with the unlawful, wrongful, and felonious intent and purpose of defrauding and cheating said Jessie Bailey as aforesaid; that, by means of said false and fraudulent representations and pretenses aforesaid, and by reason of said Jessie Bailey being induced thereby, said C. Eugene Moore did then and there, with the intent and knowledge aforesaid, that said statements, pretenses and representations were false and untrue, unlawfully, wrongfully, feloniously and designedly obtain from said Jessie Bailey said money as aforesaid, whereas, in truth and in fact, said C. Eugene Moore had not organized a corporation in the State of California or in any other state for the manufacture of beauty clay or for the manufacture or sale of beauty clay; that the corporation represented by said C. Eugene Moore to be in existence in California was not in existence; that said C. Eugene Moore did not then and there own the exclusive sales right in a corporation in California, which

was then and there engaged in the manufacture of beauty clay; that said C. Eugene Moore did not own stock in a corporation organized and existing in the State of California which was then and there engaged in the manufacture of beauty clay, all of which said facts said C. Eugene Moore then and there well knew; and that, by reason of all of the foregoing facts, the said Jessie Bailey, having been induced by said false and fraudulent representations as aforesaid, was cheated and defrauded of said moneys aforesaid, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana.

Appellant contends the affidavit is fatally defective: (1) Because it does not allege that the prosecuting witness was deceived by reason of the alleged false representations; and (2) because it does not allege that the false pretenses were made for the purpose of inducing the prosecuting witness to act. While the affidavit does not directly charge that the prosecuting witness was deceived by reason of the alleged fraudulent representations, sufficient facts are alleged to show that she was deceived thereby. It is alleged that appellant did unlawfully, etc., falsely pretend and represent to Mrs. Bailey, with the intent and purpose to cheat and defraud her out of the money, and that, if she would pay the money to him, he would transfer and set over to her certain valuable corporation stock, then owned by him and that, by reason thereof, she could not lose any money invested by her with appellant; that she relied on the representations, believed them to be true, and was thereby induced to pay the money over to appellant; that appellant took and received the money with the unlawful and wrongful purpose and intent of defrauding and cheating her, and that, by means of such false pretenses, he feloniously and designedly obtained the money. It also alleges that all of the representa-

tions so made were false, and by appellant known to be false, and that she, having been induced by such false representations, was cheated and defrauded out of her money. Cheat, as used in the affidavit, means to deceive and defraud; to impose upon; to trick; to mislead. The affidavit alleges facts sufficient to indicate that Mrs. Bailey was deceived by reason of the false statement, and that such statements were made for the purpose of inducing her to give her money to appellant. The court did not err in overruling the motion to quash.

Indictments and affidavits charging the offense of obtaining money or property by false pretense, similar to the affidavit in the instant case, have been approved. *State* v. *Snyder* (1879), 66 Ind. 203; *Ex parte Reggel* (1885), 114 U. S. 642, 5 Sup. Ct. 1148, 29 L. Ed. 250; *State* v. *Hill* (1881), 72 Me. 238; *State* v. *Feazell* (1895), 132 Mo. 176, 33 S. W. 788; *State* v. *Mangum* (1895), 116 N. C. 998, 21 S. E. 189; *Norris* v. *State* (1874), 25 Ohio Reports 217, 18 Am. Rep. 291; *Commonwealth* v. *Wallace* (1886), 114 Pa. St. 405, 6 Atl. 685, 60 Am. Rep. 353; *Commonwealth* v. *Ferguson* (1909), 135 Ky. 32, 121 S. W. 967, 24 L. R. A. (N. S.) 1101, 21 Ann. Cas. 434; *Johnson* v. *State* (1880), 36 Ark. 242; Joyce, Indictments (2d ed.) pp. 792, 796; 3 Chitty, Criminal Law pp. 1003-1007.

Where, as in this case, it is charged that the prosecuting witness relied wholly upon the alleged false representations, and having no means of ascertaining the contrary, believed the same to be true, was induced thereby, etc., and, having been so induced, was cheated and defrauded, we think the fact that she was deceived by the false representations is necessarily implied, and appears with sufficient clearness and certainty to comply with the rules of criminal pleadings as established by the Criminal Code of this state and the decisions of the Supreme Court. Under the rules of good pleading, it is safer to aver in every case

that the person alleged to have been defrauded was deceived by reason of the alleged false representations.

The next contention is that the decision is not sustained by sufficient evidence. Mrs. Bailey testified in detail concerning the representations alleged to have been made to her by appellant; that she believed them to be true; that, relying on them, she was induced to and did give appellant the money as alleged in the affidavit; that she would not have given him the money if it had not been for such statements. She also testified to facts showing that the representations made to her by appellant were false and known by appellant to be false. She is corroborated as to some of her testimony by the testimony of appellant and other witnesses. Appellant testified to facts which, if believed by the court, would doubtless have resulted in his acquittal. The evidence of the State is sufficient to sustain a conviction.

Affirmed.