## J. Johnson v. The State.

1. CRIMINAL PLEADING:  *Indictment for "felony."*

   It is inaccurate pleading to charge one with *felony*, instead of naming the particular offense intended to be charged; but if the particular offense be made distinct and certain by the statement of the facts and circumstances of its commission, the indictment is sufficient.

2. FALSE PRETENSE: · *Character of the deceit.*

   It is not necessary that the false pretense should be such as is calculated to deceive a person of ordinary prudence or caution.  It is as criminal to defraud the unwary as the wary.

3. INSTRUCTION:  *Inapplicable to the facts, not admissible.*

   An instruction which is inapplicable to the evidence should be refused.

APPEAL from *Pope* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*Idus L. Fielder,* for appellant:

The indictment failed in certainty in setting out the false pretenses.  *Gantt's Digest, secs.* 1780, 1837; 1. *Chitty Crim. Law,* 140; *Arch. Crim. Law,* 289; 13 *Wend.,* 322; *Burrow v. The State,* 12 *Ark.,* 65.  Compare the indictment with that in *People v. Johnson,* 12 *John.* (*N. Y.*) *Repts., p.* 292; see, also, *People v. Williams,* 4 *Hill* (*N. Y.*), 9; *People v. Babcock,* 7 *John.* (*N. Y.*), 201; *McKenzie v. The State,* 11 *Ark.,* 594.

Defendant did not misrepresent his status.  He was in the employment of Kiger.  A naked lie is not necessarily a false pretense, and indictable.  One must falsely assume an authority, right, claim or ownership, and fraudulently represent the existence thereof, for the purpose of defrauding.  Authorities *supra*, and *Wharton's Am. Crim. Law,* 634 *and* 636.

J. Johnson v. The State.

The "other" false pretenses, alluded to in the statute, must be *of like nature* to those specified. *Lambert v. People*, 9 *Cow.*, 597. See South Carolina cases on inducing persons to gamble. *Dudley's L. & E. Repts.*, 275 ; *Mills. Const. (S. C.)*, 350 ; 1 *Bay (S. C.) Rep.*, 353.

*C. B. Moore, Attorney General*, for appellee :

Argued generally in support of the instructions of the court, distinguishing this case from that of *Burrow v. The State, in* 12 *Ark.*, *p.* 65.


HARRISON, J.    John Johnson was tried and convicted in the Pope circuit court, of obtaining goods under false pretenses, and his punishment assessed by the jury at two years' imprisonment in the penitentiary. He moved for a new trial, which was refused, and then in arrest of judgment, and that motion was also overruled. He appealed.

The indictment was as follows :

"IN THE POPE CIRCUIT COURT,

"THE STATE OF ARKANSAS ⎫
        against        ⎬ Indictment.
    JOHN JOHNSON.      ⎭

" The grand jury of Pope county, in the name and by the authority of the state of Arkansas, accuse John Johnson of a *felony*, committed as follows, to wit:

" The said John Johnson, on the nineteenth day of July, A. D. 1880, in the county and state aforesaid, unlawfully, feloniously and designedly, did falsely pretend to one D. M. Mourning, that he, the said John Johnson, was then in the employ of one W. R. Kiger, and was then sent by the said W. R. Kiger to the said D. M. Mourning, for one pair of shoes (the said W. R. Kiger then and long before being

well known to the said D. M. Mourning and G. H. Mourning, in their business and way of trade as merchants), by reason of which said false pretenses, the said John Johnson did, then and there, unlawfully obtain from the said D. M. Mourning, one pair of shoes, of the value of two dollars and twenty-five cents, of the joint goods and chattels of the said D. M. Mourning and G. H. Mourning, with intent then and there to cheat and defraud them, the said D. M. Mourning and G. H. Mourning, of the same, whereas in truth, and in fact, the said John Johnson was not then sent by the said W. R. Kiger to the said D. M. Mourning for the pair of shoes aforesaid. Against the peace and dignity of the state of Arkansas. "

The evidence is thus stated in the bill of exceptions:

It was proven that on the nineteenth day of July, 1880, D. M. Mourning and G. H. Mourning were partners doing business as merchants under the firm and style of Mourning & Mourning, at the town of Atkins in Pope county. That one W. R. Kiger was a customer of theirs and had an account with them.

That at the time and place aforesaid the defendant went to the store of Mourning & Mourning, and told D. M. Mourning that he had just met Kiger about three or four hundred yards from the town, and had told him that he wanted a pair of shoes; that Kiger felt in his pocket for pencil and paper with which to write an order for him to get the shoes, but had none, and Kiger then told him to go to him, the said D. M. Mourning, and tell him that he, Kiger, said to let him have a pair of shoes and charge them to his account. That relying on said representation by the defendant, D. M Mourning let him have a pair of shoes worth two dollars and twenty-five cents, which were of the property of the said D. M. Mourning and G. H. Mourning. That Kiger had not told the defendant to get the

shoes, and his representations to Mourning were all false. That when he let him have the shoes D. M. Mourning had but little acquaintance with the defendant and only knew him as a hired man that had been working for Kiger, and that after getting the shoes the defendant started off and was captured next morning several miles from Atkins.

The defendant excepted to the following instructions given for the state:

"1. If you believe from the evidence that the defendant represented to D. M. Mourning that he was in the employ of W. R. Kiger, and was sent by him to said Mourning for a pair of shoes to be charged to his, Kiger's, account, and by means of such statements obtained the shoes from him; that the statements so made were false, and known by the defendant to be so; and were made by him designedly, and for the purpose of obtaining the shoes wrongfully, then he is guilty of obtaining them by false pretenses.

"2. It was only necessary in order to constitute the offense charged against the defendant, that the false pretenses used by him to obtain the shoes were such, considered with all other surroundings, as induced D. M. Mourning to deliver the shoes to him, and that he did obtain them by such means.

"3. If you believe from the evidence that the defendant did at any time within three years next before the finding of the indictment, in Pope county, by false pretenses, knowingly and designedly obtain from D. M. Mourning one pair of shoes of greater value than two dollars, of the goods and chattels of them the said D. M. Mourning and G. H. Mourning, with the intent to defraud them, you will find him guilty as charged, and assess his punishment at imprisonment in the penitentiary not less than one nor more than five years.

"4. If you believe from the evidence that the defendant,

did, at any time within one year next before the finding of the indictment, in Pope county, by false pretenses knowingly and designedly obtain from D. M. Mourning one pair of shoes of the value not exceeding two dollars, of the goods and chattels of them the said D. M. Mourning and G. H. Mourning, with intent to defraud them, you will find him guilty and assess his punishment at a fine not exceeding three hundred dollars and imprisonment in the county jail not exceeding one year."

The court refused to give the following asked by the defendant:

"1. The jury must believe from the evidence, before it can convict the defendant of the crime charged against him in the indictment, that he not only obtained the shoes by falsely representing to D. M. Mourning that Kiger authorized him to get them on his credit, but must further believe that such representation was made under such circumstances as would be likely to impose on a person of ordinary caution and intelligence.

"2. That they must not only believe such representations to have been false, but that they at the time related to a then existing state of facts, or they will acquit the defendant.

"3. And that they must believe that such representations were not only falsely made, but were the operative cause of the transfer of the shoes from Mourning to the defendant."

The motion in arrest of judgment, which was upon the ground that the facts stated in the indictment did not constitute an offense, was properly overruled.

1. CRIMINAL PLEADING: Indictment for felony. The use of the generic term *felony* instead of naming the particular offense it was intended to charge the defendant with the commission of, we condemned as inaccurate and objectionable in *Laccfield v. The State, 34 Ark., 275;* but we

held in that case, that as the particular offense intended to be charged was made distinct and certain by the statement of the facts and circumstances of its commission, the indictment was good; the charge in this case was by the same means made sufficiently specific and certain; and the motion in arrest of judgment was therefore properly overruled.

The grounds of the motion for a new trial, were the giving of the before-mentioned instructions for the state; the refusal to give those asked by the defendant; and that the verdict was contrary to the evidence.

2. FALSE PRETENSE: Character of the deceit.

It is not necessary, as stated in the first instruction asked by the defendant, that the false pretense should be such as is calculated to deceive a person of ordinary prudence or caution.

Mr. Bishop says: "Practically, it is impossible to estimate a false pretense, otherwise than by its effect. It is not an absolute thing, to be handled and weighed as so much material substance; it is a breath issuing from the mouth of a man, and no one can know what it will accomplish, except as he sees what in fact it does. Of the millions of men on our earth there is not one who would not be pronounced by the rest to hold some opinion, or to be influenced in some affair, in consequence of considerations not adapted to affect any mind of ordinary judgment and discretion. And no man of business is so wary as never to commit in a single instance, a mistake such as any jury would say on their oath, could not be done by a man of ordinary judgment and discretion. These things being so, plainly a court can not, with due regard to the facts of human life, direct a jury to weigh a pretense, an argument, an inducement to action, in any other scale than of its effect." (2 Bish. Crim. Law, sec. 436.) It is as criminal, certainly, to defraud the unwary and unsuspecting as the pru-

dent and cautious. *2 Russ. on Crimes, 289; Colbert v. The State, 1 Tex. Ct. App., 314.*

The second instruction the defendant asked, was inapplicable to the evidence; there was nothing in it tending to show that the false pretense had any relation, but to a state of existing things; and the third was embraced in the first instruction given for the state. They were all therefore properly refused.

It was not proved, as averred, that the statement of the defendant that he was in the employ of Kiger was false; but the proof of one false pretense is sufficient. The verdict was fully sustained by the evidence.

The judgment is affirmed.