## HANLON V. STATE.

1. LIQUORS: *Dealing in: Penalty in prohibition districts.*
   The penalty of the Revenue Act of 1883, for carrying on the business of a liquor seller without a license, is in force in prohibition districts. *Mazzia v. State, ante.*

2. SAME: *Same: Instruction.*
   On a trial for carrying on the business of liquor selling without a license, a police officer testified that he collected money from the defendant on several occasions without explanation as to the purpose of the collection, but that he was instructed by his superior to collect the same amount from each liquor dealer in the city. There was evidence to show that the defendant was in fact engaged in the business and the court instructed the jury that the fact that the city officials may have permitted the defendant to carry it on and collected money from him for the privilege did not justify a violation of the liquor law. *Held:* That the charge was not erroneous and that there was evidence to justify it.

3. PRACTICE IN SUPREME COURT: *Harmless error.*
   Where incompetent evidence is given to the jury without objection and is afterwards withdrawn, its admission cannot be assigned as error.

4. DEALING IN LIQUORS: *Evidence of.*
   The testimony of railroad and transfer agents, that during the period in which a defendant is charged with carrying on the business of a liquor dealer without a license, they at different times received and delivered to him large quantities of intoxicating liquors, consigned to him, tended to show that he was engaged in the liquor traffic, and was not therefore irrelevant.

APPEAL from *Saline* Circuit Court.

J. B. WOOD, Judge.

*G. W. Murphy* and *L. Leatherman*, for appellants.

1. The penalties prescribed by the Revenue Act are suspended in the prohibited districts where no license can be issued. See argument and authorities cited in brief in *Mazzia's case, ante.*

2. There was no evidence upon which to base the instruction that the fact that the officials of Hot Springs allowed defendant to carry on the business and collected money from

him for the privilege, was not a justification for a violation of the law. The instruction was abstract and misleading.

3. The testimony of railroad and transfer agents as to freight being billed whiskey and beer was irrelevant, hearsay merely.

4. The verdict is unsupported by the evidence.

5. It is error to admit hearsay evidence, even though the court tell the jury not to consider it. It has a tendency to prejudice the jury.

*Dan. W. Jones*, Attorney General, for appellee.

See brief in *Mazzia's case, ante.*

COCKRILL, C. J.

The appellant was convicted of carrying on the business of a liquor seller without a license in territory where the local option law was in force. He contends that the penalties of the law creating the offence are not in force in such territory. We have determined otherwise in *Mazzia v. State, ante.*

1. LIQUORS: Dealing in: Penalty in prohibition districts.

At the trial the court instructed the jury that the fact that the officials of the city of Hot Springs, where the offence was charged to have been committed, may have allowed the defendant to carry on the business of a liquor seller and collected money from him for the privilege, was not a justification for a violation of the liquor law.

2. SAME: Instruction.

It is not contended that there is error in the proposition of law involved in the instruction, but that it is misleading because it is abstract, being without testimony to justify it.

A police sergeant of the city testified that he had collected money of the defendant on several occasions, without explanation from either of them as to the purpose of the collection, but that he was instructed by his superior to collect the

Hanlon v. State.

amount, which the defendant paid him from each of the liquor dealers in the city, and that he collected of the defendant because he knew he was engaged in the business.   There was ample proof that he was in fact engaged in the business. The payment under the circumstances was a criminating fact, from which the jury might have inferred·that the defendant was undertaking to purchase immunity from punishment by payment to the city officials, and the instruction was appropriate to prevent any misapprehension as to the law governing the case.

3. PRACTICE: Harmless error.   The sergeant also testified, without objection, that his superior had informed him that there was an agreement between the city authorities and this defendant to pay the amount collected from him; but upon the subsequent motion of the defendant this statement was withdrawn from the jury by the court as hearsay, and it cannot be assigned as error.

4. DEALING IN LIQUORS: Evidence of.   The railroad and transfer agents testified that they had, at different times, received for, or delivered to, the defendant, large quantities of freight consigned to him, consisting of intoxicating liquors, during the period he is charged to have been carrying on the business.   It is objected that the testimony is irrelevant.   While the fact of having the liquor in possession did not of itself constitute the offence, receiving supplies from time to time, as any dealer in the business would, tended to prove the fact that defendant was engaged in the liquor traffic.   The testimony leaves no doubt of the fact.

Affirm.