JEFFRIES *v.* STATE,

Opinion delivered November 23, 1895.

INSTRUCTION—ASSUMING FACTS.—An instruction, on a trial for keeping a slot machine alleged to be a gambling device, that the law does not tolerate any subterfuge in violation of its penal laws, and that if defendant employed any person to watch such a

machine, and there was money lost and won upon it, a conviction may be had, is not objectionable, as assuming that the machine in question was a subterfuge.

CRIMINAL LAW—EXHIBITING GAMBLING DEVICE.—The employment of another to watch a slot machine upon which money is lost or won is a keeping of a gambling device within the statutes (Sand. & H. Dig. secs. 1613, 1614).

Error to Jackson Circuit Court.

RICHARD H. POWELL, Judge.

*Joseph W. Phillips* and *M. M. Stuckey* for appellant.

1. The charge of keeping and exhibiting a gaming device is not sustained by any evidence. There is no evidence that he set up, kept or exhibited the machine or had any interest in it.

2. The court, in its instruction, assumed as a fact there was a *subterfuge* in violating the laws of the state, and thus violated art. 7, sec. 23, const.

*E. B. Kinsworthy,* Attorney General, for appellee.

1. The evidence shows that appellant furnished the machine, and was interested therein. Sand. & H. Dig. secs. 1613, 1614.

2. The facts were not denied, and the court properly instructed the jury; for where there is any evidence to sustain the proper theory of a case, the court should properly instruct the jury as to such theory. 50 Ark. 545.

3. The law does not tolerate any subterfuge in violating its gaming laws. 43 Ark. 389.

WOOD, J. The appellant was convicted before a justice of the peace on an information charging him with "keeping and exhibiting a gaming device." He appealed to the circuit court, was again convicted, and appeals to this court. The proof was that the defendant employed one Charles Mason "to look after" a machine in the Underwood saloon in Newport, Jackson county, Arkansas, called a "slot machine," upon which money "was won

and lost," within twelve months prior to the filing of the information. The machine stood in John Underwood's saloon. The witness came up to the saloon in the mornings, and "just looked after the machine to keep any person from breaking it." Persons would slip a nickle in the slot ; and if the machine opened, the person putting in the nickle would get all in the box ; if the machine did not open, the person putting in lost his nickle.

The appellant complains that the verdict was contrary to the law and the evidence. The court instructed the jury "that the law does not tolerate any subterfuge in violation of its penal and gaming laws ; and in this case, if you believe from the evidence that the defendant employed any person to watch a machine of the description charged in the information, and that there was money lost and won upon it, you will be authorized to convict the defendant."

Section 1613 of Sand. & H. Digest is as follows : "Every person who shall set up, keep or exhibit any gaming table or gambling device * * * * * * at which any money or property may be won or lost shall be deemed guilty of a misdemeanor," etc. Section 1614. "If any person shall in any way, either directly or indirectly, be interested or concerned in any gaming prohibited by section 1613, either by furnishing money or other articles for carrying on gaming, etc., such person shall be deemed guilty of a misdemeanor." It is insisted that the court, in its instruction, violated art. 7, sec. 23, of the constitution prohibiting judges from charging juries upon matters of fact.

The majority of us are of the opinion that the instruction is correct, and not open to the objection urged. The court did not tell the jury, as assumed by counsel, that the defendant was using a subterfuge to violate the law, but simply declared that the law

"would not tolerate any subterfuge," and left the jury to say whether the defendant used a subterfuge. There was no dispute about the facts. The defendant, it is conceded, "employed a witness to look after the machine." It is not disputed that the machine was one upon which money might be and "was lost and won"; *i. e.*, a gambling device. So the only question was whether "employing one to watch" a gambling device was "keeping" such device in the meaning of the statute. The language of the witness was, "employed to look after the machine to '*keep*' any person from breaking it." The court used in its instruction the words "to watch" instead of the words "to look after, to keep." "To look after" means "to watch after" (Webster), and "to watch" means "to tend," "to guard," "to have in keeping." The defendant employed another "to look after a gambling device to keep same from being broken." This was in a saloon, where the public came and went *ad libitum*. To employ another to look after property indicates that the employer has an interest of some kind in that property. The law does not say what or how much the interest must be. "Directly or indirectly interested" is the language of the statute *supra*. The instruction does not assume a single fact. The court, in the instruction, declared what the law was upon a given state of facts, and left the jury to find what the facts were.

The jury, by this instruction, were left to find whether the defendant employed anyone "to watch" a machine upon which money might be lost or won, and whether money was lost or won upon such a machine. In case they found such to be the facts, the instruction announced what the law was applicable to them.

Affirm the judgment.