### STATE *v.* CULBREATH.

Opinion delivered December 6, 1902.

1. TRESPASS—SUFFICIENCY OF INDICTMENT.—An indictment for trespass which charges the crime in the language of the statute (Sand. & H. Dig., § 1784) is sufficient. (Page 81.)

2. STATUTORY INDICTMENT—CONCLUSION.—The omission, in an indictment for a statutory crime, of the words, "contrary to the form of the statute in such case made and provided," does not vitiate the indictment. (Page 81.)

3. TRESPASS—INDICTMENT—ALLEGATION OF DAMAGE.—An indictment for trespass which alleges that defendant did unlawfully and wilfully pull down the fence of another, without alleging injury or damage to the latter, is sufficient. (Page 81.)

4. SAME—ERROR IN DESIGNATION OF CRIME.—An indictment which specifically alleges a trespass is not defective because it names the crime "malicious mischief." (Page 82.)

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

Reversed.

*J. M. Barker* and *Geo. W. Murphy, Attorney General,* for the State.

The indictment was sufficient. Sand. & H. Dig. § 1784; 31 Ark. 676. The conclusion *"contra formam statuti"* is not necessary. Sand. & H. Dig. §§ 2075, 2076, 2087, 2091; 19 Ark. 613; 66 Ark. 65.

BUNN, C. J. This is an indictment for malicious mischief, in the Ouachita circuit court, and it reads as follows, to-wit: "The grand jury of Ouachita county, in the name and by the authority of the state of Arkansas, on oath, accuse Ed. Culbreath of the crime of malicious mischief, committed as follows, to-wit: The said defendant, on the 28th day of October, 1901, in Ouachita county, Arkansas, did unlawfully and wilfully pull down the fence of certain enclosed grounds belonging to one John S. Beard, without the consent of the said John S. Beard, against the peace and dignity of the state of Arkansas."

To this indictment a general demurrer was interposed, and the same was sustained by the court, and the cause was dismissed, whereupon the state excepted, and prayed an appeal to this court.

The demurrer being general, we are not favored with a particular recital of the grounds of objection, but from the argument we are unable to discover the issues of law involved.

There does not appear to be any valid objection to the form of the indictment. It concludes "against the peace and dignity of the state of Arkansas," which is the constitutional requirement, and the only formal requirement other than the style of the case, which may be regarded as essential to be observed. Section 49, art. 7, Constitution of 1874.

The indictment charges the crime in the language of the statute, and unless the case be exceptional, and this is not, that is sufficient. Sections 2075, 2076, 2087, 2091, Sand & H. Dig.

The omission of the words "contrary to the form of the statute in such case made and provided" does not vitiate the indictment. *State* v. *Cadle,* 19 Ark. 613.

The act of pulling down or breaking the enclosures of another without his consent is *per se* a crime, without an allegation of the injury or damage, and it is therefore sufficient to charge that the act was committed unlawfully and wilfully, as in the indictment in this case.

The name of the offense in the indictment is doubtless mis-leading, and this may have misled the learned circuit judge into the error of sustaining the demurrer. The section upon which this indictment is based—section 1784, Sand. & H. Dig.—was the first section of an act approved January 21, 1875, entitled, "An act to protect enclosures from trespass." The crime charged would therefore have been more appropriately termed "trespass" than "malicious mischief." The digester has included the section in the chapter headed: "Malicious Mischief and Trespass and Injury to Property."

The name of the crime is controlled by the specific acts charged, and an erroneous name of the charge does not vitiate the indictment. *Johnson* v. *State,* 36 Ark. 242.

The judgment of the court below is reversed, and the cause remanded, with instructions to overrule the demurrer and proceed not inconsistently herewith.