## HARRINGTON v. STATE.

Opinion delivered January 20, 1906.

1. INDICTMENT—ERROR IN NAME OF OFFENSE CHARGED.—An indictment is not defective which names the offense as "Sabbath breaking," but alleges specifically the offense of selling liquor without license. (Page 481.)

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A new trial will not be granted on the ground of additional evidence discovered at the trial if appellant did not ask for a postponement or continuance of the case when the evidence was discovered. (Page 481.)

Appeal from Mississippi Circuit Court; ALLEN N. HUGHES, Judge; affirmed.

### STATEMENT BY THE COURT.

Appellant was convicted of the crime of selling liquor without license, on the following indictment:

"The grand jury of Mississippi County, Chickasawba District, in the name and. by the authority of the State of Arkansas, accuse C. W. Harrington of the crime of "Sabbath breaking," committed as follows, towit: The said C. W. Harrington, in the county and State aforesaid, Chicasawba District, on the 1st day of January, 1905, A. D., did unlawfully sell and unlawfully did give away, and was unlawfully interested in the selling and giving away of ardent, vinous, malt, fermented and intoxicating liquors without first procuring from the county court of said county a license authorizing him so to do, against the peace and dignity of the State of Arkansas."

Appellant demurred to the indictment "for the reason that it contains charges of two separate offenses which are repugnant to each other."

The demurrer was overruled. The appellant then entered a plea of "not guilty to the charge of selling liquor without license."

The evidence for the State tended to show that in the month of November, 1904, appellant sold cider to a certain witness that intoxicated him.

There was evidence on behalf of appellant tending to prove that the cider was not sold by appellant during the month of November, and also evidence tending to show that the cider sold to the prosecuting witness was not intoxicating.

The verdict fixed the fine at $50. Judgment was entered accordingly.

Appellant, *pro se.*

The indictment was bad, in that it charges two separate offenses not related one to the other. Motion for new trial should have been granted because of newly discovered evidence.

*Robert L. Rogers, Attorney General,* for appellee.

The particular offense was described in the body of the indictment. 71 Ark. 80; 36 Ark. 242.

WOOD, J., (after stating the facts.) The naming of the offense "Sabbath breaking," instead of "selling intoxicating liquor without license," was inaccurate. But this mistake did not vitiate the indictment, since the "particular offense was made distinct and certain by the statement of the facts constituting it." *Johnson* v. *State,* 36 Ark. 242. "The name of the crime is controlled by the specific acts charged." *State* v. *Culbreath,* 71 Ark. 80. That appellant was fully advised of the crime and understood it is shown by his plea of "not guilty to selling liquor without license."

The evidence was sufficient here to support the verdict. No objection is urged to the charge of the court. The court did not err in overruling the motion for new trial on the ground of "newly discovered evidence." True, the evidence was important, as tending to corroborate evidence at the trial tending to show that the cider was not intoxicating, and that appellant did not sell same in November as alleged. Appellant contends that he could not have known of this evidence until the time of the sale was revealed at the trial. But he did not ask for a postponement or a continuance of the case when the time was revealed during the trial. He did not claim to be surprised then.

The whole matter was within the sound discretion of the court, which it has not abused.

Affirm.