## LYMAN v. STATE.

### Opinion delivered May 31, 1909.

1. CRIMINAL LAW—INDICTMENT—EFFECT OF MISNAMING OFFENSE.—Where an indictment contains a statement of the acts constituting an offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended, it is sufficient, even though it names the offense inaccurately.   (Page 599.)

2. VENUE—JUDICIAL NOTICE.—The court takes judicial notice that Mena, Arkansas, is in Polk County.   (Page 599.)

3. APPEAL AND ERROR—HARMLESS ERROR.—Where incompetent testimony was largely elicited by the appellant upon cross-examination, and the court instructed the jury that such testimony was withdrawn, and that they should not consider it, the prejudice was removed.   (Page 600.)

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

*P. McPhetrige,* for appellant.

1. There is no such offense as "running a gambling house." If the indictment charges any offense, it charges two distinct and separate offenses. Kirby's Dig., § § 1732-5; 35 Ark. 62.

2. The venue was not proved. 8 Ark. 400; 13 *Id.* 105; 56 *Id.* 226; 58 *Id.* 390.

3. The remarks of the prosecuting attorney were prejudi-

cial. The fact that defendant did not testify raised no presumption against him. Kirby's Dig., § 3088.

*Hal L. Norwood,* Attorney General, *C. A. Cunningham,* Assistant, for appellee.

1. All the incompetent testimony was brought out by defendant on cross examination and he cannot complain. 58 Ark. 513; 66 Ark. 588. But if error it was cured by withdrawing it from the jury. 51 Ark. 186.

2. The remarks of counsel did not violate section 3088, Kirby's Digest.

3. The indictment charges an offense. It followed the language of the statute. The name of the offense cuts no figure; the crime is controlled by the specific acts charged. 77 Ark. 480; 36 *Id.* 242; 71 *Id.* 80.

4. The venue was proved. The court judicially knows that Mena is in Polk County. 53 Ark. 46; 29 *Id.* 293; 7 Peters, 324-43; 77 Ark. 19.

FRAUENTHAL, J. At the October term, 1907, of the Polk Circuit Court the grand jury of Polk County returned an indictment against the defendant, Ed Lyman, charging him with the offense of "running a gambling house." At the October term, 1908, of said circuit court the defendant pleaded not guilty to said indictment; and thereupon he was tried by a jury, and they returned a verdict of guilty, and assessed a fine of three hundred and fifty dollars against the defendant.

The evidence tended to prove that the defendant was conducting a business on Sherman Avenue in the city of Mena, Arkansas, and across the street from the railroad depot in that city; and that he conducted such business for a number of months prior to and after May 15, 1907. The business was carried on in a two-story frame building, and the defendant controlled and occupied the entire building. In the lower story of the building the defendant conducted a pool and billiard hall, and in the second story were several rooms which he controlled. There was an entrance to the upper story of the building by a stairway leading from the pool and billiard hall and also by a stairway at the rear of the building. In one of the rooms of the upper story were several gaming tables, and a keeper or attendant was present,

and kept the tables, and ran or attended the games of chance at which money was bet and won and lost. These tables were employed in the occupation of running the games, and the evidence tended to prove that the keeper of the room was interested in the games by receiving a certain percentage of the amount wagered on each game played at these tables and that the defendant was himself the keeper of the room, or was the person controlling the room, and did permit and suffer gaming tables to be so used and employed in said room. The evidence tended to prove that on May 15, 1907, and just before and after that date, parties would go to this room and play the games of chance. As many as five or six persons played at one time in the same game. Poker chips were employed in some of the games, and these chips were purchased with money from the attendant at the room. A percentage of the amount staked in each game by way of taking chips in what was called by the witnesses a "rake off" was paid to the "house" or the attendant by the players in the poker games. The evidence tended to show that the defendant was not only often in this room while the gambling was going on, but also at times took part in the games. A party named Joe Archer was most frequently the person who was present as the attendant representing the "house," and when he was not present in the capacity of attending to the business on the part of the "house," the defendant was there for that purpose; and the evidence also tended to show that this party assisted the defendant at his pool and billiard business on the lower story at times, and that he was either in the employ of or under the permission or sufferance of the defendant in the running of these games in this room.

Some time before the trial of the case the party, Joe Archer, left the city of Mena, and was not present at the trial. One of the witnesses, W. A. Walker, who had testified on behalf of the State that he had played on several different occasions the game of poker in this room, was asked on his cross-examination by the defendant whether he could state that defendant maintained a gaming house or permitted a gaming house to be conducted in the upper story of his pool hall about that time, and in reply he testified that he did not know whether it would be called a gaming house or not, but he supposed it would.

Several witnesses testified on the part of the State, and, although seemingly unwilling witnesses, we think that there is sufficient evidence in the record to sustain the verdict of the jury. *Jeffries* v. *State*, 61 Ark. 308; *Tully* v. *State*, 88 Ark. 411; *Deloney* v. *State*, 88 Ark. 311; *Trimble* v. *State*, 27 Ark. 355.

The defendant filed a motion in arrest of judgment on the ground that there is no such offense known as "running a gambling house" under the statutes of the State; and that the indictment charges two offenses; one in violation of the provisions of section 1732 of Kirby's Digest and one in violation of the provisions of section 1735 of Kirby's Digest. But we think that it sufficiently appears that the offense charged is a violation of the provisions of section 1735 of Kirby's Digest; and that only one offense is charged. *DeLoney* v. *State, supra.* The name of the offense in the indictment sufficiently apprises the defendant of the nature of the prosecution; and if it was not technically correct, it would not avoid the indictment.

The name of the offense in an indictment, although inaccurate, will not vitiate the indictment. It is sufficient if the indictment contains a statement of the acts constituting an offense in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended. The name of the offense is controlled by the acts charged, and the name of the charge is immaterial. *Lacefield* v. *State,* 34 Ark. 275; *Johnson* v. *State,* 36 Ark. 242; *State* v. *Culbreath,* 71 Ark. 80; *Harrington* v. *State,* 77 Ark. 480.

It is contended that the venue of the offense has not been proved. This is urged for the reason that no witnesses testified that the offense was committed in Polk County. But all the witnesses testified that the house in which the gambling was carried on was located in Mena, Arkansas. The courts take judicial notice of prominent geographical features of the State in which jurisdiction is exercised. They will take judicial notice of the boundaries of counties and the location of cities in the State. As was held in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Magness,* 68 Ark. 289, the courts will take judicial notice that a town of several hundred inhabitants, with express and post offices, is located in a certain county. *Wilder* v. *State,* 29 Ark. 293; *Forehand* v.

*State,* 53 Ark. 46. And so the court will take judicial notice that the city of Mena, Arkansas, is located in Polk County.

It is urged by the defendant that certain incompetent testimony was permitted to be introduced. This testimony related to the manner in which the pool room in the lower story was managed and run. This testimony was largely, if not principally, brought out by the defendant upon cross-examination. But the court instructed the jury that all the testimony of this character was withdrawn, and that they should not consider it. So that there could not have been any prejudice from said testimony. *Hanlon* v. *State,* 51 Ark. 186.

It is contended that certain remarks of the prosecuting attorney to the jury in his closing address were prejudicial. We have carefully examined same, and do not think that the remarks of the prosecuting attorney were either erroneous or prejudicial.

It is urged that the verdict of the jury is excessive. The jury assessed a fine against the defendant of $350. By the statute the punishment for this offense is declared to be a fine of not less than one hundred dollars, and may be also an imprisonment of not less than thirty days and not more than one year. We have examined carefully the instructions given in the case, and a great number of them were given at the request of the defendant, and these presented fairly to the jury the issues involved in the case. The defendant was tried by a jury of his own selection; and, after a careful examination of the testimony, we cannot say that the verdict of the jury is either incorrect or unjust.

The judgment is affirmed.