## GAGE v. STATE.

## DAL SASSO v. STATE.

### Opinion delivered October 2, 1916.

1.  LIQUOR—ILLEGAL SALE—PROOF. The evidence held sufficient to warrant a conviction for the crime of selling liquors in violation of Act 30, p. 98, Acts of 1915.

2.  LIQUOR—ILLEGAL SALE—EVIDENCE OF SHIPMENTS TO DEFENDANT.— In a prosecution for the sale of intoxicating liquors illegally, it is proper to admit testimony of railroad and transfer agents to show that during the period in which a defendant is charged with the commission of said crime, that they at different times received and delivered to defendant large quantities of intoxicating liquors consigned to him or to other persons for him.

Appeals from Garland Circuit Court; *Scott Wood*, Judge; affirmed.

*C. Floyd Huff*, for appellants.

1.   The evidence of Reamey as to shipments of "Whiskey and Beer" over the Rock Island Railroad and consigned to other parties was improperly admitted.   It was wholly incompetent and immaterial.   So was the

testimony of Sovett and Henderson, as to hauling "liquor" consigned to others.

2. Halliburton's testimony does not connect appellants with any sale of liquor.

3. The statements of Morris before the grand jury were incompetent testimony. Other incompetent and irrelevant testimony was admitted—none of which connected appellants with the sale of intoxicants. The only evidence in the whole case of a sale was Halleburton's, and he testified that appellant Gage did not make the sale. No partnership arrangement between Gage and Dal Sasso was proven. No liquors were kept for sale and there is absolutely no testimony to sustain the verdict.

4. The court erred in its instructions.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant for appellee.

1. The evidence shows that appellants were partners. That various shipments of whiskey and beer were to them and signed for by them as partners. Someone sold Halliburton whiskey in their place of business— either a proprietor or employee. Dal Sasso sold Morris beer or ginger ale "with something in it" at 15 cents. All this and more of the kind convinced the jury that appellants were guilty and this court will not disturb the verdict on questions of fact. 92 Ark. 590; 50 *Id.* 511; 47 *Id.* 196; 109 *Id.* 120, 138 and many others.

2. The cold drink stand is a dodge and subterfuge. Direct testimony of a conspiracy is not required. It is sufficient if the *circumstances* show concerted action. 77 Ark. 444; 105 *Id.* 72; 81 *Id.* 273; 98 *Id.* 575. No error of law was committed by the court and the verdicts should stand.

HART, J. Separate indictments were returned against Vince Gage and M. Dal Sasso for the crime of selling intoxicating liquors contrary to Act Number 30 of the Acts of 1915 (See Acts of 1915, p. 98). Each defendant was convicted in the circuit court and from the judgment

of conviction has duly prosecuted an appeal to this court. The defendants were tried separately but practically the same evidence was introduced in each case and one opinion will settle the issues raised by the appeal.

The material facts are as follows: Prior to January. 1, 1916, the defendants were engaged in the saloon business at the corner of Central Avenue and Chappell Street, in the city of Hot Springs, Garland County, Arkansas. After January 1, 1916, they continued in business at the same stand as partners and operated what they called a soft drink place. Both of the partners were actively engaged in running the business.

W. H. Halliburton testified that shortly after the 1st of January, 1916, he went into the business house of the defendants with another man for a bottle of beer; that a man behind the counter poured out something in a glass and set it up on the counter and set a Tally bottle in front of it; that he drank what was in the glass set before him and it tasted very much like beer, and that he knew the taste of beer. The man who waited on them was behind the bar and had his hat off and was in his shirt sleeves; that on the same occasion the man behind the bar sold him a pint of whiskey and that he paid him seventy-five cents for it. The local agent of one of the railroad companies of Hot Springs was permitted to read before the jury a record of the shipments of liquor to certain persons, received since the 1st of January, 1916. Some of the whiskey was consigned to Vince Gage, some of it to M. L. Dal Sasso, some of it to Gage & Dal Sasso, and some of it to other parties. These intoxicating liquors were delivered to a place in Hot Springs on the corner of Prospect Avenue and Crown Street. The defendants had control of this building and one of their employees testified that he frequently went there with Vince Gage to get Tally and other drinks for their place of business after the first of January, 1916.

Another witness testified that he gave Vince Gage permission to ship intoxicating liquors in his name, in the year 1916.

The defendants testified for themselves and each denied that he had sold or been interested in the sale of intoxicating liquors since January 1, 1916.

Other evidence was adduced in their behalf tending to support their testimony. We need not abstract it, however, for the testimony on behalf of the State warranted the jury in returning the verdict of guilty.

The defendants were partners engaged in running a saloon in the City of Hot Springs prior to the 1st of January, 1916. After that date they continued to carry on a business as partners at the same stand. The bar fixtures were not removed but they were operating what they called a soft drink place.

(1) A witness for the State testified that he went in there and was served with a drink that tasted like beer by a person behind the counter who had his hat off and was in his shirt sleeves. He stated that this same person on the same occasion sold him a pint of whiskey for seventy-five cents. The witness says that he did not see the defendants at the time he made the purchase, but the evidence shows that both of them were actively engaged in running the business and it is not likely that they would suffer a person to go in there and serve intoxicating liquors behind the bar without their consent. The person selling the liquors and serving them had his hat off and was in his shirt sleeves. This indicated that he was employed at the place. At least the jury was warranted in finding this to be a fact and also that the defendants were interested in the sale of the intoxicating liquors.

(2) It is next contended that the court erred in permitting the station agent to testify as to the shipments of liquors to the defendants and other persons since the 1st of January, 1916. The testimony shows that on several occasions since the 1st of January, 1916, quantities of intoxicating liquors had been shipped to Vince Gage and that some had been consigned to Dal Sasso. It was also shown that liquors consigned to other persons were delivered to the defendant Gage, and that

all these liquors were stored in a building situated near their place of business, which was controlled by them.

In a prosecution for the sale of intoxicating liquors it is held proper to admit the testimony of railroad and transfer agents to show that during the period in which a defendant is charged with selling intoxicating liquor illegally, that they at different times received and delivered to him large quantities of intoxicating liquors consigned to him or to other persons for him. *Hanlon* v. *State*, 51 Ark. 186; Joyce on Intoxicating Liquors, sec. 671. Moreover, as far as the Gage case is concerned, it"may be said that no objection to the introduction of the evidence of the station agent as to the quantities of liquors received by him consigned to Gage and other persons for him was made.

The judgment in each case will be affirmed.