KEITH *v.* ARKANSAS STATE HIGHWAY COMMISSION.

5-661, 5-689 (consolidated)                    279 S. W. 2d 292

Opinion delivered May 23, 1955.

*Moore, Burrow, Chowning & Mitchell,* for appellant.

*W. R. Thrasher, Lawson E. Glover* and *Cole & Epperson,* for appellee.

ED. F. McFADDIN, Justice. Two appeals, consolidated in this Court, stem from the efforts of certain property owners (hereinafter called "appellants") to

enjoin the City of Malvern (hereinafter called "City") and the Arkansas State Highway Commission (hereinafter called "Commission"), from constructing a viaduct over certain railroad tracks in the City.

In January, 1954, the City[1] adopted its Ordinance No. 494 captioned:

"An ordinance accepting the responsibility and liability for furnishing all required right-of-way free of obstructions and free of property damage for a grade separation (viaduct) on U. S. Highway 270 and Main Street over the Missouri Pacific and Rock Island Railroad Tracks in the City of Malvern, Arkansas."

The ordinance stated, *inter alia,* that the Commission had agreed to construct the overpass at a cost of approximately $600,000.00 if the City would adopt and fulfill the provisions of the said ordinance, which included the matters mentioned in the caption.

In keeping with the ordinance, the City on November 27, 1954, filed its complaint in the Circuit Court of Hot Spring County attempting to name as defendants all[2] of the property owners whose property abutted on the street in the area affected by the overpass. The action was a proceeding in eminent domain. The complaint alleged, *inter alia*:

"That a portion of said viaduct and an approach thereto will be in that portion of Main Street adjacent to the lands described in paragraphs IV and V hereof, but not actually, physically touching any lands belonging to any of the defendants. Some or all of said property owners are claiming that the proposed construction

---

[1] We judicially know that the City of Malvern is a City of the first class and is the County seat of Hot Spring County, Arkansas. *Lyman* v. *State,* 90 Ark. 596, 119 S. W. 1116.

[2] An amendment was filed to the complaint on December 6, 1954, adding other defendants and property in a further effort to join all parties. This amendment was before any order had been made in the two cases here appealed. All of the appellants in this Court are parties in the *eminent domain* proceedings.

and grade separation will damage their respective lands, and constitute a technical taking of a portion."[3]

Instead of filing a pleading in the eminent domain case in the Hot Spring Circuit Court the appellants, on December 3, 1954, filed complaint in the *Pulaski Chancery Court,* naming as defendants the Commission and the City, and alleging that the appellants' properties would be damaged in a sum aggregating $70,000.00. The complaint alleged, *inter alia:*

". . . that the plaintiffs have not been compensated by the defendant City of Malvern or the Arkansas State Highway Commission for the taking and damaging of their property for public use; that the City of Malvern is without legal authority and without necessary or sufficient funds legally available or appropriated to compensate the plaintiffs; . . . that defendant Arkansas State Highway Commission has advertised for sealed bids from contractors for the construction of said overpass viaduct, to be submitted and opened by said defendant on December 9, 1954, and unless restrained and enjoined by this Court will enter into a contract with a private contractor for the construction and will go forward with the construction of said overpass viaduct, to the irreparable damage to the plaintiffs and each of them; that the plaintiffs have no adequate remedy at law."[4]

---

[3] The prayer of the complaint was: "WHEREFORE, Premises Considered, Plaintiff prays that the Court determine in which instances, if any, the proposed improvement constitutes the taking of the respective defendants property; and in such instances in which it is found that said improvement does constitute a taking, that the court determine by a proper proceeding the amount of damages, if any, due therefor, and enter proper judgment against the plaintiff accordingly."

[4] The prayer of the complaint was: "Wherefore, Plaintiffs and each of them pray that this Court issue a restraining order restraining and enjoining the defendants and each of them from proceeding further or taking any further action toward contracting for the construction of said overpass viaduct or the approaches thereto, or constructing same, until the issues in this cause have been heard and finally determined and until the plaintiffs and each of them have been fully compensated in damages as by law in such cases made and provided; and for costs herein expended, and all other relief, equitable and legal, to which they may be entitled."

On December 7, 1954, the Pulaski Chancery Court temporarily enjoined the Commission from letting a contract; but quashed service on the City and refused to enjoin the City. From such order the appellants have appealed. (See § 27-2102, Ark. Stats.) Even if the service of process on the City had been sustained, nevertheless the Pulaski Chancery Court had discretion as to temporarily enjoining the City. The temporary restraining order against the Commission prevented the letting of any contract. The City was left free—as it should have been—to proceed with its eminent domain case in the Hot Spring Circuit Court. The Pulaski Chancery Court did not abuse its discretion in refusing, on December 7, 1954, to issue a temporary restraining order against the City even if the City had been properly summoned.

Case No. 689 in this Court involves further proceedings in the Pulaski Chancery Court. As aforesaid, an order was made on December 7, 1954, temporarily restraining the Commission.[5] The City, being unrestrained by the Pulaski Chancery Court, proceeded in its eminent domain case in the Hot Spring Circuit Court. Appraisers were appointed to appraise the property damage of the appellants and of other abutting property owners. The City deposited in the Hot Spring Circuit Court the sum of $21,505.00 to cover such damages; and this was an amount in excess of the total of all appraised damages. Thereupon the Hot Spring Circuit Court issued an order of immediate possession to the City (see § 35-902, Ark. Stats.). This order, reciting the deposit of $21,505.00, was made by the Hot Spring Circuit Court on January 8, 1955; and all this was made to appear to the Pulaski Chancery Court in the motion filed by the

---

[5] This order recited: "Defendant, Arkansas State Highway Commission be and it is hereby restrained and enjoined from proceeding further or taking any further action toward contracting for the construction or constructing of an overpass viaduct in the City of Malvern until the issues in this cause have been heard and finally determined and the Court hereby fixes the 12th day of Jan., 1955, at 10:00 A.M. as the day certain at which the causes here presented shall be heard finally."

State Highway Commission for dissolution of the temporary restraining order.[6]

On January 24, 1955, the Pulaski Chancery Court dissolved the temporary restraining order of December 7, 1954, thus leaving the State Highway Commission free to proceed. From such order of January 24, 1955, dissolving the temporary restraining order, the appellants have appealed to this Court in this Case No. 689; and the appellants claim, *inter alia,* that the temporary restraining order should have remained in force. An order dissolving a temporary restraining order is appealable (see § 27-2102, Ark. Stats.); but the test is whether the Trial Court abused its discretion in dissolving the restraining order. See *Riggs* v. *Hill,* 201 Ark. 206, 144 S. W. 2d 26.

We see no abuse of discretion in the case at bar. In the original complaint the appellants alleged that the City was without funds to pay the damages that the appellants' property would sustain. That was a good ground of equity jurisdiction. See *Fordyce* v. *Dallas County,* 195 Ark. 552, 113 S. W. 2d 500. To allow private property to be taken, appropriated or damaged for public use, without just compensation would be a violation of the Constitutional guaranties. (See Art. II, § 22, of the Arkansas Constitution.) So the temporary restraining order of December 7, 1954, against the Highway Commission was proper. But by the time of the hearing on January 24, 1955, the Hot Spring Circuit Court had required a deposit far in excess of the appraised valuation of damages. The Statute provides for deposit prior to

---

[6] The said motion recites in part: "That since the granting of the temporary restraining order in this case the City of Malvern has proceeded with its condemnation proceedings in the Circuit Court of Hot Spring County. That on the 8th day of January, 1955, the Circuit Court of Hot Spring County entered an order condemning said property for this right of way easement and that a sufficient and adequate sum of money was deposited in the Registry of the Court to secure these plaintiffs the payment for any property or damages resulting to them by reason of the construction of this viaduct. A certified copy of said order is attached hereto and made a part hereof and marked Exhibit 2. Further Orders were entered by the Court on the same day, certified copies of which are hereby attached and made a part hereof and marked Exhibits 3 and 4. That the Circuit Court of Hot Spring County has jurisdiction of this subject-matter and that the plaintiffs have a complete and adequate remedy at law and that their complaint should be dismissed."

entry. (Section 35-902, Ark. Stats.) Such was done in the Hot Spring Circuit Court; so there was no reason for any restraining order against the Highway Commission on January 24, 1955, after it was shown that the City had made deposit in the eminent domain proceedings.

Therefore the Pulaski Chancery Court was correct in dismissing the temporary restraining order on January 24, 1955. Any further relief that the appellants may seek against the City of Malvern must be in the proper forum in Hot Spring County. See *Selle* v. *Fayetteville,* 207 Ark. 966, 184 S. W. 2d 58; and *Burton* v. *Ward,* 218 Ark. 253, 236 S. W. 2d 65.

Affirmed.